**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOSEPH PETITFRERE,**

            **Plaintiff,**

**-vs-**                                                  **Case No. 6:04-cv-458-Orl-18KRS**

**AJA RESTAURANTS, INC., d/b/a Miami
Subs Grill, MANUEL TATO, II,**

            **Defendants.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on Joseph Petitfrere's Motion For Entry of Default Judgment Against Defendant, Manuel Tato II. Doc. No. 31. This matter was referred to me for issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

**I.     PROCEDURAL HISTORY.**

On April 2, 2004, Petitfrere filed a complaint against AJA Restaurants, Inc. (AJA) and Tato (collectively the defendants), alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, Chapter 448 of the Florida Statutes, and Florida common law. Doc. No. 1. Petitfrere alleges that AJA and Tato failed

to pay him overtime compensation and minimum wages and that AJA failed to pay him for a week of vested vacation pay.[1]  Petitfrere also seeks liquidated damages, attorneys' fees and costs.

The complaint was served on AJA and Tato on April 21, 2004.  Doc. Nos. 6 & 7.  The defendants filed an answer, doc. no. 8, and the Court entered a Case Management and Scheduling Order (CMSO), doc. no. 12.  Shortly thereafter, counsel for the defendants filed a motion seeking leave to withdraw from the case, which was granted.  Doc. Nos. 13 & 14.

On November 9, 2004, the Honorable G. Kendall Sharp, the presiding District Judge, ordered AJA to obtain new counsel within twenty days.  Doc. No. 16.  AJA failed to comply with this order.  Thereafter, Judge Sharp granted Petitfrere's motion for entry of a default against AJA for failure to comply with the Court's order.  Doc. No. 18.  Pursuant to this order, the Clerk of Court entered a default against AJA.  Doc. No. 19.

On April 5, 2005, I entered an Amended Notice of Hearing ordering Tato to appear before me for a case management conference.  Doc. No. 25.  Tato failed to attend this hearing, which was held on April 13, 2005.  Doc. No. 26.  On May 3, 2005, Judge Sharp entered an order requiring Tato to show cause why his answer should not be stricken and a default judgment entered against him for failure to comply with Court orders.  Doc. No. 28.  When Tato did not respond to the order to show cause, Judge Sharp directed that his answer be stricken and a default entered against him.

---

[1] In his motion for default judgment against Tato, Petitfrere does not address the claim for vested vacation pay.  This is appropriate based on the Court's finding with respect to AJA that such a claim had not been established.  *See* Doc. No. 30, at 4-5.

Doc. No. 33. Pursuant to this order, the Clerk of Court entered a default against Tato. Doc. No. 34.

Even though AJA and Tato are alleged to be jointly and severally liable for violations of the FLSA, separate motions for default judgment were filed due to a lapse in time between entry of default against AJA and entry of default against Tato. Doc. Nos. 20, 31. On June 7, 2005, I entered a Report and Recommendation recommending that Petitfrere's motion for default judgment against AJA be granted in part and denied in part. I concluded in that Report and Recommendation and Petitfrere abandoned his claims of violation of the minimum wage provisions of the FLSA by failing to address them in his motion for default judgment. Doc. No. 30. Judge Sharp adopted and approved this Report and Recommendation, and directed the Clerk of Court to enter a default judgment against AJA only on the claim of violation of the overtime provisions of the FLSA and related damages. Doc. No. 33. The Clerk entered the Default Judgment on July 5, 2005. Doc. No. 35.

On June 30, 2005, Petitfrere filed a motion for default judgment against Tato. In this motion, Petitfrere seeks to resurrect the minimum wage claim that the Court found he had previously abandoned. He also seeks a judgment that Tato is jointly and severally liable with AJA for the damages awarded against AJA with respect to violation of the overtime provisions of the FLSA. Finally, he seeks additional attorneys' fees incurred with respect to the litigation against Tato. Doc. No. 31. Tato was served with a copy of the motion, but he did not file a response. Accordingly, the motion for default judgment against Tato is ripe for review.

**II.     STANDARD OF REVIEW.**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2nd Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

**III.    ANALYSIS.**

  A. *Individual Liability Under the FLSA*.

The FLSA imposes joint and several liability on employers. "'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA

for unpaid wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id*. at 638. By defaulting, Tato admits that he was substantially in control of the terms and conditions of Petitfrere's work. Complaint at ¶ 9. Accordingly, Tato is jointly and severally liable with AJA for violation of the FLSA.

As noted above, the Court found that Petitfrere abandoned his claim for unpaid minimum wages under the FLSA by failing to address this claim in his motion for default judgment against AJA. *See* Doc. No. 30 at 6, n.4. Petitfrere may not now renew this previously abandoned claim, because doing so would result in inconsistent verdicts as between two defendants who are jointly and severally liable. "Just as the several or independent nature of plaintiff's claim permits different findings as to liability . . . , the joint nature of plaintiff's claim prohibits different findings as to damages against all defendants." *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1262 (7th Cir. 1980).

With respect to the claim for unpaid overtime, however, the findings made by the Court in connection with the motion for a default judgment against AJA apply equally to Tato. Accordingly, Petitfrere is only entitled to a default judgment against Tato in the amount of $17,700.00 on his claims for unpaid overtime compensation and liquidated damages under the FLSA.

B.     *Attorneys' Fees and Costs.*

When, as here, two defendants are jointly and severally liable for violations of the FLSA, they are also jointly and severally liable for the attorneys' fees and costs awarded. *See, e.g., Fields v. Luther*, No. JH-84-1875, 1988 WL 121791, at * 3 n.10 (D. Md. July 12, 1988).  Therefore, the Court's award of $2,336.00 in attorneys' fees and $196.03 in costs against AJA applies equally to Tato.

The next question presented is whether Tato, alone, may also be required to pay attorneys' fees incurred in litigating this matter after the default was entered against AJA.  While I have found no binding cases on point, I note that in *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994), the United States Court of Appeals for the Sixth Circuit permitted the District Court to include in its judgment the attorneys' fees incurred to defend the appeal of the District Court's decision in an FLSA action.  It also permitted the District Court to apportion the attorneys' fees among the defendants as the District Court, in its discretion, deemed appropriate.  This approach seems equally applicable in the instant circumstances, when additional attorneys' fees have been incurred as a result of continued litigation of an FLSA case by one defendant when a default is entered against another defendant.

With respect to the amount of the additional attorneys' fees to be awarded, the Court's earlier determination of the reasonable hourly rate of the individuals for whose work Petitfrere seeks reimbursement apply equally here.  Therefore, the Court need only determine whether the hours worked that were not the subject of the earlier fee award are reasonable.  In sum, Petitfrere seeks an additional $1,055.50 in attorneys' fees for work that was not the subject of the earlier fee

award against AJA.[2]  After review of the description of the tasks performed, and the time worked on each task, I find that an additional award of attorneys' fees in the amount of $1,253.00 is warranted, in the absence of objection.

        C.    *Costs*.

Petitfrere seeks an additional award of costs against Tato in the amount of $65.00 for deposition costs.  Doc. No. 31 (Affidavit of Charles Scalise).  Petitfrere does not identify the source of the deposition costs, and the affidavit of his attorney does not have an exhibit evidencing that such payment was made.  *See id.* ¶ 8.  Therefore, I recommend that the Court find that Petitfrere failed to establish that the deposition costs were reasonably incurred.

**IV.   RECOMMENDATION.**

Based on the foregoing analysis, I respectfully recommend that Petitfrere's Motion For Entry of Default Judgment Against Defendant, Tato (doc. no. 31) be **GRANTED**, in part, and **DENIED**, in part.  I recommend that the Court enter a default judgment against Tato on Petitfrere's FLSA claim for unpaid overtime compensation and order Tato to pay Petitfrere

---

[2] The fee award sought by Petitfrere in his motion for default judgment against Tato ($3,589.00), doc. no. 31, ex. 2, minus the fee awarded to Petitfrere with respect to both defendants ($2,336.00), doc. no. 20, ex. 2., for a total additional attorneys' fee award of $1253.00.  I note that Petitfrere has not sought reimbursement in this motion for hours that were not allowed by the Court in response to the motion for default judgment as to AJA.   The additional fee award is reasonable because the requested amount is less than the amount that would result from applying a traditional lodestar analysis based on the time entries submitted by Petitfrere's attorney.

damages in the amount of $17,700.00; attorneys' fees in the amount of $3,589.00;[3] and costs in the amount of $196.03.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 19, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties

---

[3] Attorneys' fees in the amount of $2,336.00, for which AJA and Tato are jointly and severally liable, plus attorneys' fees in the amount of $1,253.00, for which Tato is individually liable.